UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO: 22-cv-81908-AMC


MARC M. DULCIO,

            Plaintiff,

vs.

ENVIRONMENTAL PROTECTRION AGENCY,
et.al.,

            Defendants.

_____/


### DEFENDANTS' MOTION  TO STAY  DISCOVERY  PENDING  ADJUDICATION OF MOTION TO  DISMISS [D.E. 26]  PLAINTIFF'S  AMENDED COMPLAINT OR AND INCORPORATED MEMORANDUM OF LAW

Defendants, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, SHAWN HAMILTON, LATESHEE M. DANIELS, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION WASTE SITE CLEAN UP SECTION, THERESA PEPE, BRECK DALTON, AARON COHEN, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION OFFICE OF GENERAL COUNSEL, GARY BALLARD, STACI KICHLER, FLORIDA DEPARTMENT OF ENVIORNMENTAL PROTECTION OF THE SOUTHEAST DISTRICT, JASON ANDREOTTA, SIRENA DAVILA, NORVA BLANDIN, ALANNAH IRWIN,  ROMINA LANCELLOTTI and JUSTIN STARK (hereinafter collectively as, "Defendants" or individually as, Defendant {name}), by and through their undersigned counsel, Whitelock & Associates, P.A., and pursuant to Federal Rule of Civil Procedure 26(c) and S.D. Fla. L.R 7.1, hereby moves to stay discovery in this action pending resolution of the Defendants'

Motion to Dismiss Plaintiff's Amended Complaint (collectively, "Motions to Dismiss") filed March 17, 2023 [D.E. 26], and in support thereof state as follows:

## I.  **INTRODUCTION**

On or about January 3, 2023, Plaintiff, Marc Dulcio ("Plaintiff" or "Dulcio"), filed an Amended Complaint in the United States District Court Southern District of Florid, Case Number:  22-cv-81908-RLR asserting thirteen (13) claims against twenty-one (21) Defendants. [D.E. 7].  In the Amended Pleading, the Plaintiff, a self-described "*serial entrepreneur*" who owns four drycleaners, also sues Federal parties, and essentially avers some fantastical conspiracy devoid of actual facts and viable claims, while suing in part governmental employees individually. *See generally, id.*; *see also* D.E. 26. As indicated in the Defendants' Motion to Dismiss, this Amended Pleading is nothing more than a shotgun pleading that clearly failed to comply with the laws of this Circuit, contains legally baseless claims and extraneous matters and otherwise fails to state a claim.  *Id*. at 5-8.  The Defendants have also asserted immunity defenses in the Motion to Dismiss, including qualified immunity.  *Id*. at 8-11, 17-21.  In all, Defendants' Motion seeks, and provides authority therein, to dismiss all of Plaintiff's claims. Moreover, Plaintiff has filed an Opposition to Defendants' Motion to Dismiss wherein Plaintiff acknowledges deficiencies in his Amended Complaint and plans on filing another amended complaint. [D.E. 42 at p. 8, FN 12 and pp. 11-12 at ¶ 10 and FN 14]. Accordingly, and for the reasons set forth below, the Defendants would request a stay as to discovery pending the ruling on D.E. 26.

## II.  **LEGAL STANDARD**

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (courts have broad discretion over discovery)' Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997) (same). As a general rule, motions to dismiss should be resolved

as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal. *See Chudasama*, 123 F.3d at 1368 ("If the district court dismisses a no meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). In determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In balancing these considerations, the Court may take a "preliminary peek at the merits" of the motion to determine if such is meritorious and case dispositive. *Id.*

Further, where immunity is raised as a defense, a stay is appropriate in this Circuit. Specifically, when a qualified immunity defense is raised, a stay of discovery is warranted because this immunity veil protects individuals from suit and trial, including the burdens of litigation and pretrial discovery. *Blinco v. Green Tree Servicing*, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004); see also *Moore v. Potter*, 141 Fed. Appx. 803, 807 (11th Cir.2005) (no abuse of discretion by district court to stay discovery during pendency of motion). As the Supreme Court has admonished, "[u]ntil [the] threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Indeed, "to 'protect[ ] the substance of the qualified immunity defense,' the court 'must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings' until after the court has determined that the qualified-immunity defense will not stand." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). Like qualified immunity, the other defenses raised in the Motion to Dismiss include both sovereign and Eleventh Amendment Immunity. These immunity defenses also warrant a stay of discovery. *See Detournay v. City of Coral Gables*, 127 So. 3d 869, 872 (Fla. 3d DCA 2013) (sovereign immunity is an immunity from suit); *see also Keck v. Eminisor*, 104 So. 3d 359, 361 (Fla. 2012) (same); *Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996)

(Eleventh Amendment Immunity is entitlement to not face litigation burdens).

Based upon the foregoing, a stay of discovery pending the resolution of the Defendants' Motions to Dismiss in this matter is appropriate. One, and based upon the Motions to Dismiss, there is a clear possibility that the adjudication of the Motions to Dismiss will dispose of this case, which includes thirteen (13) counts against twenty-one (21) Defendants, in its entirety. Two, the Defendants' Motions also raise immunity issues , all in favor of a discovery stay under the law of this Circuit. [D.E. 26 at pp. 8-11 and 17-21].   In addition, this amended pleading is indeed a shotgun pleading that has glaring pleading deficiencies. [D.E. 26 at pp. 5-8]. Plaintiff has asserted multiple claims against multiple defendants and cites to completely unrelated statutes and laws within the claims, and otherwise fails to assert cognzible claims. *See generally* D.E.[s] 7 and 54.

The Defendants also raise Plaintiff's Article III standing. [1] A temporary stay so the Court can decide the gateway issue of Article III standing provides good cause for a stay of discovery because it is a threshold legal issue. *Taylor v. Service Corp. Int'l*, 20-cv-60709, 2020 WL 6118779 at *2 (S.D. Fla., July 2, 2021). While the Court may ultimately find that Plaintiffs have Article III standing, facial challenges should be resolved *before* discovery to conserve the resources of the Court, counsel, and all parties. *In re Mednax Servs., Inc. v. Customer Data Sec. Breach Litigation*, 21-MD-02994, 2020 WL 12432704 at *2 (S.D. Fla., Dec. 9, 2021) (*citing Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997)).

Notwithstanding the clear possibility that the adjudication of the Motions to Dismiss will dispose of this case in its entirety, discovery should be stayed so that the Individual Defendants claiming qualified immunity are not subject to pretrial discovery as fact witnesses. *S.D. v. St. Johns County School Dist.*, 09-cv-250, 2009 WL 4349878 at *3 (M.D. Fla. Nov. 24, 2009). If Plaintiff's

---

[1] In their Motion to Dismiss, Defendants argue that Plaintiff lacks Article III standing as to Counts I, II and XIII of the Amended Complaint. [D.E. 26 at pp. 14-17].

action is dismissed but discovery is permitted while the Court considers the Motions to Dismiss, then any discovery that occurs between now and the date the Court dismisses the case in its entirety will cause the parties to incur unnecessary costs. Indeed, this would undermine the fundamental principal set out in *Chudasama,* which is that facial challenges to the sufficiency of a claim, such as a motion to dismiss based on failure to state a claim, should be resolved before discovery begins. *Chudasama,* 123 F.3d at 1367; *see also Jackson-Bear Group, Inc. v. Amirjazil,* 2011 WL 720462, *1 (M.D. Fla. Feb. 22, 2011) (After its "preliminary peek" at the motion to dismiss, the court held that defendants' motion to dismiss for lack of jurisdiction raised meritorious challenges to the complaint and thus granted the motion to stay discovery).

Moreover, on March 31, 2023, Plaintiff filed an Opposition to Defendants' Motion to Dismiss Amended Complaint in which he fails to address specific arguments made by the Defendants and actually admits that he intends to seek leave to file another amended complaint. [D.E. 42 at p. 8, FN 12 and pp. 11-12 at ¶ 10 and FN 14]. In one instance, Plaintiff states that he has drafted the motion for leave to amend but "has elected to withhold from filing said motion, until after all defendant have appeared in this action." *Id.* at p. 8, FN 12. However, Plaintiff suggests that "[i]f this court deems it necessary; plaintiff will happily amend his complaint within the time allotted." *Id.* In another instance, Plaintiff acknowledges his pleading deficiencies and states that he "will definitely cure within his next amended pleading." *Id.* at pp. 11-12 at ¶ 10 and FN 14.  Similarly, the dismissal Motion by Defendant Stark also highlights these deficiencies and evidences that Plaintiff's claims should be dismissed. *See generally* D.E. 54.  In short, Defendants numerous individuals should not be subjected to discovery or incur expenses  particularly where the Plaintiff has admitted that his most recent operative complaint is deficient or contains conclusory averments and/or that he has an intention to "cure." [D.E. 42 at p. 8, FN 12 and pp. 11-12 at ¶ 10 and FN 14].

Lastly, a temporary stay of discovery will not prejudice the Plaintiff should discovery become necessary.  Although in candor to this tribunal, Defendants recognize that this joint and requested stay is the exception not the rule, an exception still remains proper where discovery would place an undue burden on the opposing party.  *See e.g. D'Apuzzo, P.A. v. United States*, 2017 WL 3098713 (S.D. Fla. 2017) (where heavy burden to Defendant's stay is appropriate).  Such an exception should apply here. In addition to the immunity defenses, discovery in this matter with numerous Defendants would be time-consuming, consisting possibly of over thirty (30) depositions alone, and intrude on the privacy of individual Defendants with oppressive requests and financial discovery, particularly where Plaintiff is filing claims consisting of a conference call, or not permitting Plaintiff to film an otherwise confidential investigation, or not alleging any conspiracy facts, or not responding to an email, ecterea. Further, given that the Court is likely to rule on the Motions to Dismiss in the near future, Plaintiff would have adequate time for discovery should the Motion to Dismiss be denied. *See e.g. Allman v. City of Jacksonville,* 2008 WL 2704426 (M.D. Fla., 2008) (granting a defendant's motion to stay discovery pending adjudication of its motion to dismiss, in part, because Plaintiff would not be prejudiced by a temporary delay in discovery).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that their Motion to Stay Discovery be granted and that the Court grant such other and further relief that it deems just and proper.

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida  33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Defendants

/s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK
Florida Bar No. 067539
MEREDITH A. CHAIKEN
Florida Bar No.87927

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to the Court's Local Rule 7.1(a)(3), the undersigned counsel certifies that he has communicated with the *pro se* Plaintiff and is authorized to represent that Plaintiff opposes the granting of the relief requested in this motion.

s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2023, I electronically filed the foregoing document with the Clerk of Court using CMECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK

## SERVICE LIST

Marc M. Dulcio, Pro Se Litigant
70 NE. 131sst Street
North Miami, FL  33161
info@warrantyrepairx.com
marcdulcio@hotmail.com

B. Kyle Morley, Esq.
Foley Mansfield, PLLP
146 Second Street, Suite 105
St. Peterburg, FL  33701
e-mail:  kmorley@foleymansfield.com
tbpleadings@foleymansfield.com
ldavilar@foleymansfield.com
Attorneys for Defendant, Earth Tech Drilling, Inc.

Daniel C. Johnson, Esq.
Carlton Fields, P.A.
200 S. Orange Avenue, Suite 1000
Orlando, FL  32801-3400
djohnson@carltonfields.com
Attorney for Defendant, Arcadis, U.S. Inc.

.