UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:22-CV-81908-RLR

MARC M. DULCIO,

    Plaintiff,

v.

ENVIRONMENTAL PROTECTION
AGENCY, *et al.,*

    Defendants.

_____/

FILED BY MEE D.C.

JUL 0 6 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

# RESPONSE IN OPPOSITION TO GPI PROPERTIES, INC.'S MOTION TO DISMISS (ECF. 86)

Dated this 5th day of July, 2023

By: /s/ Marc Dulcio

Marc M. Dulcio • *Pro Se* Litigant

**Marc M. Dulcio**

70 N.E. 131st Street
North Miami, FL 33161
Cellphone: (561) 371-7649
MarcDulcio@Hotmail.com

## **Misnumbering of Paragraphs:**

As I was compiling the SAC in alignment with this Honorable Courts order (ECF. 74) at several random intervals I encountered issues with the auto-number system within my Microsoft Word 2007 program, it would either switch to; roman numerals, alphabet letters, or simply a number that was not sequentially correct. In those instances, I would manually insert the correct sequential number for the paragraph. After I completed the SAC I reviewed the allegations, claims for relief, and the sequential numbering of the paragraphs. On June 1st, 2023, immediately prior to the printing of the SAC I decided to delete the 14 defendants (paragraphs 11-24) who were no longer a party to the suit. As a result of this last-minute correction/change the numbering scheme of the SAC was compromised causing (1) duplicate paragraph numbers (not allegations), (2) numbered paragraphs to convert from numbers to either roman numerals, or alphabetical letters, and (3) random numbers that are completely out of sequential order with its surrounding paragraphs. I am extremely embarrassed by this misstep and apologize to this Honorable Court, ALL defendants and their respective legal counsel for making such a mistake. Despite the "General Factual Allegation" section of the SAC commencing with paragraph number 25 instead of 11; the full allegation section is sequentially intact and is properly referenced in each count.

## The Numbering Deficiencies are as follows:

1.) On page 5 instead of "…. Allegations" starting with paragraph 11 it commences with paragraph 25[1].

2.) On page 28 instead of "Count III" starting with paragraph 144 it commences with paragraph 97.

3.) On page 30 between paragraph 107, and paragraph 109 is a paragraph numbered 144 instead of 108.

4.) On page 31 instead of "Count IV" starting with paragraph 115 it commences with paragraph 145.

5.) On page 34 after paragraph 165 exists 2 separate paragraphs labeled 154.

**I have attached the corrected version of the SAC to this document. (Exhibit "A")**

---

[1] *After paragraph 10 the numbering jumps to paragraph 25 therefore, paragraphs 11-24 are missing.*

## MY RESPONSE IN OPPOSITION TO
## GPI PROPERTIES, INC.'S MOTION TO DISMISS

### *"II. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S ATTEMPTED CLAIMS"*
*GPI Properties, Inc. Motion to Dismiss (Section 2, pages 2 – 5)*

### *"A. Plaintiff's Attempted Claims Against Groundwater Protection Lack Federal Subject Matter Jurisdiction"*
*GPI Properties, Inc. Motion to Dismiss (Section 2(A), page 2)*

GPI Properties, Inc. (hereinafter, "GPI") alleges Count II of my SAC "Lacks Federal Subject Matter Jurisdiction", and in support of this assertion states: (1) my claim against GPI "is not substantively viable as a matter of law, but even if it were, it constitutes a state law claim by one Florida citizen against another", (2) "Plaintiff has asserted no viable basis for federal jurisdiction over his attempted claim against this Defendant", these assertions fail for the following reasons;

### *(1) "…is not substantively viable as a matter of law…"*

GPI commences their argument with the blank assertion my claims against them "is not substantively viable as a matter of law" yet fails to provide a substantive statement to support this assertion. Nonetheless, my claim against GPI is absolutely viable as a matter of law, state law[2] to be precise. GPI, second assertion in support of the parent assertion[3] is my claim against GPI is "a state law claim by one Florida citizen against another", while this assertion is undeniably a fact, GPI has failed to challenge my invocation of 28 U.S.C. § 1367(a) which grants this Honorable Court with Supplemental Jurisdiction over the state law claims within my SAC which share a common nucleus of operative facts, evidence, and defendants to a claim this Honorable Court have diversity, and subject matter jurisdiction (namely; Counts I, III, and V).

---

[2] *Fla. Stat. Chapter 376.313(3)*
[3] *Lacks Federal Subject Matter Jurisdiction*

### *(2) "Plaintiff has asserted no viable basis for federal jurisdiction...."*

GPI argues "Plaintiff has asserted no viable basis for federal jurisdiction over his attempted claim against this Defendant" this assertion appears to be an attempt on the part of GPI to split hairs. I have properly alleged the existence of diversity jurisdiction by virtue of; (1) the diversity in citizenship between myself and Arcadis in tandem with the amount in controversy being in excess of $75,000. Lastly, I have properly alleged the combined actions of GPI, and Arcadis caused the discharge or other condition of pollution at the LSC-Plant site. Therefore, creating a common nucleus of operative facts, witnesses, evidence, and defendants with at least one (1) claim by which the federal court has jurisdiction over.

### *In-Conclusion of Section (A)*

For the foregoing reasons GPI Motion to Dismiss on the grounds this Honorable Court "Lacks Subject Matter jurisdiction" lacks in substance and above all persuasion. Therefore, it is with the utmost respect I request this Honorable Court to **DENY with prejudice** or in the alternative **DENY** GPI Motion to Dismiss on the grounds of this Honorable Court "Lacks Subject Matter jurisdiction".

### *B. This Court Lacks Jurisdiction Pursuant to the Eleventh Amendment.*
### *GPI Properties, Inc. Motion to Dismiss (Section 2(B), page 3)*

In Section 2(B) of GPI Motion to Dismiss, GPI argues it is entitled to Eleventh Amendment Immunity by virtue of Arcadis entitlement to Eleventh Amendment Immunity, and in support of this assertion offers; (1) caselaw from *S.K. v. Lutheran Services Florida, Inc.*,[4] claiming "a subcontractor can also be entitled to Eleventh Amendment immunity", (2) "to the extent Arcadis qualifies as a state agent subject to Eleventh Amendment sovereign immunity, [...] such immunity

---

[4] *2018 WL 2100122 (M.D. Fla. 2018)*

also extends to Groundwater Protection", GPI arguments in support of this assertion fail for the following reasons;

### (1) S.K. v. Lutheran Services Florida, Inc., claiming "a subcontractor can also be entitled to Eleventh Amendment immunity"

In support of GPI argument for its entitlement to Eleventh Amendment Immunity, GPI offers its own analysis of the "Opinion and Order" by the Honorable Judge John E. Steele[5] who (for the purpose of entertaining the argument being presented) considered the possibility of a Subcontractor being entitled to Sovereign immunity;

> "Defendants argue, however, that a private entity may be considered an "arm of the State" if it satisfies the same Eleventh Amendment standards used to determine whether a governmental entity is an "arm of the State." The Supreme Court has not addressed the question of whether a private entity can be an "arm of the State" in this context. The Eleventh Circuit on one occasion found that a private entity was an arm of the State under the Eleventh Amendment, Shands Teaching Hosp. & Clinics, Inc. v.Beech St. Corp., 208 F.3d 1308 (11th Cir. 2000), but that case applied a test which has since been abrogated. See Lake v. Shelton, 840 F.3d 1334, 1337 (11th Cir. 2016)"
>
> -S.K. v. Lutheran Servs. Fla., Inc.,[6]

Prior to the application of the Manders test the Honorable Judge John E. Steele states;

> "For purposes of this motion only, the Court assumes that it is possible for a private entity to be an arm of the State under the Eleventh Amendment, and therefore not be a "person" within the meaning of § 1983. The question therefore becomes whether plaintiff has plausibly pled that the private contractor CNSF/CCC and the private subcontractor LSF are "persons" within the meaning of § 1983. As discussed later, the Court further finds that it is not possible for an employee of a private entity sued in his or her individual capacity to be an arm of the State."
>
> -S.K. v. Lutheran Servs. Fla., Inc.,[7]

---

[5] Case No: 2:17-cv-691-FtM-99MRM
[6] Case No: 2:17-cv-691-FtM-99MRM, 12-13 (M.D. Fla. May. 7, 2018)
[7] Case No: 2:17-cv-691-FtM-99MRM, 13 (M.D. Fla. May. 7, 2018)

Therefore, it is axiomatic based on the "Opinion and Order" of the Honorable Judge John E. Steele statement prior to the application of the Manders test that the court does not believe it is possible for a private entity to be an *"Arm of the State"* under the Eleventh Amendment, and is only considering the possibility for the purpose of that motion only. Ultimately, at the end of the application of the test both the Contractor and the Subcontractor failed to qualify as an *"Arm of the State"* with prongs one (1), and four (4) leaning in the direction of *"Not an Arm of the State"*, and prongs two (2), and three (3) being inconclusive due to the need for the factual record to further develop. Lastly, the Honorable Judge John E. Steele states;

> *"It is defendants' burden to show that the Manders factors weigh in their favor. Miller v. Advantage Behavioral Health Sys.,[8]"*
>
> -*S.K. v. Lutheran Servs. Fla., Inc.,*[9]

To this point[10] GPI has failed to sufficiently as well as persuasively show that the Manders test weighs in their favor.

### (2) *"to the extent Arcadis qualifies as a state agent subject to Eleventh Amendment sovereign immunity, [...] such immunity also extends to Groundwater Protection"*

GPI argues it is entitled to Sovereign Immunity protection to the same degree as Arcadis, these assertions fail for all the obvious reasons; (1) Arcadis as a contractor is not entitled to Sovereign Immunity, (2) GPI as a subcontractor possess a significantly lesser entitlement to Sovereign Immunity, (3) this Honorable Court has already elected to allow the factual record to further develop prior to making a determination, and (4) Arcadis and GPI fail to satisfy the Manders test.

### *In-Conclusion of Section (B)*

---

[8] *677 F. App'x 556, 559 (11th Cir. 2017)*
[9] *Case No: 2:17-cv-691-FtM-99MRM, 14 (M.D. Fla. May. 7, 2018)*
[10] *Figuratively and literally*

For the foregoing reasons GPI Motion to Dismiss on the grounds this Honorable Court "Lacks Subject Matter jurisdiction" due to GPI having Sovereign Immunity lacks in substance and above all persuasion. Therefore, it is with the utmost respect I request this Honorable Court to **DENY with prejudice** or in the alternative **DENY** GPI Motion to Dismiss on the grounds of "Sovereign Immunity".

> *"C. Even if Plaintiff's Claim Falls Within the Waiver of Sovereign Immunity,*
> *He Has Failed to Comply With Statutory Presuit Notice Requirements"*
> *GPI Properties, Inc. Motion to Dismiss (Section 2(C), page 3)*

GPI argues "Should this Court determine Florida's Waiver of Sovereign Immunity Act applies to permit Plaintiff's attempted claim the failure to submit the claim to the Department of Financial Services is nevertheless a failure to comply with the condition precedent to asserting the claim" and in support of this assertion GPI states; (1) "Nowhere does Plaintiff acknowledge the sovereign immunity issues, and his boilerplate recitation in paragraph 1 that "ALL conditions precedent has [sic] occurred or been performed" is insufficient to allege compliance with the presuit notice requirements of § 768.28", (2) "Upon information and belief, Plaintiff has failed to notify the Department of Financial Services of his impending claim", these assertions fail for one simple yet basic reason; (1) I was not required to, none of the asserted claims contained within my SAC are brought pursuant to Fla. Stat. Chapter 768.28. Therefore, this two (2) and a half page tirade is misguided and unfortunately misinformed, yet if applicable may have been the most persuasive argument provided by GPI, but unfortunately it is not (applicable).

<u>Out of an Abundance of Caution:</u>

Contrary to the assertions of GPI; (1) "his boilerplate recitation in paragraph 1 that 'ALL conditions precedent has [sic] occurred or been performed'", and (2) "Upon information and belief, Plaintiff has failed to notify the Department of Financial Services of his impending claim". Per the Fed. R. Civ. P. Rule 9(c) titled "Condition Precedent" it states;

> *"In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity."*
>
> -Fed. R. Civ. P. Rule 9(c)

Per the aforementioned rule I have satisfied the pleading requirement to survive a pleading-stage motion to dismiss. GPI further alleges *"Upon information and belief"* I have failed to *"notify the Department of Financial Services of [my] impending claim"* this assertion is categorically false, and as mentioned previously is not applicable to the current assortment of claims.

<u>In-Conclusion of Section (C)</u>

For the foregoing reasons GPI Motion to Dismiss on the grounds I have failed to satisfy pre-suit requirements lack foundation and above all persuasion. Therefore, it is with the utmost respect I request this Honorable Court to **<u>DENY with prejudice</u>** or in the alternative **<u>DENY</u>** GPI Motion to Dismiss on the grounds of "Failure to Perform Condition Precedent".

> *"III. PLAINTIFF'S SECOND AMENDED COMPLAINT IS A SHOTGUN PLEADING THAT IS IMPERMISSIBLE UNDER THE RULES OF CIVIL PROCEDURE AND IS SO CONVOLUTED THAT DEFENDANT CANNOT PROPERLY FRAME A RESPONSE."*
> GPI Properties, Inc. Motion to Dismiss (Section 3, page 5-7)

GPI argues my SAC is an Impermissible Shotgun Pleading and in support of this assertion; (1) "adopts Section V of Arcadis's Motion to Dismiss [DE 77 at 15]", (2) claim "it [is] impossible to discern the factual allegations intended to relate to" GPI, and (3) provides a summary of the factual allegation section of the complaint. This overall argument is baseless and is a clear dilatory tactic by GPI to stymie this legal process.

> *"Failure to comply with the requirements of Rule 10(b) is not ground [sic] for dismissal of the complaint or striking the answer. Instead, the court, upon a motion or on its own, may order a party to amend the pleading so as to comply with the provisions of Rule 10(b)"* [11]

---

[11] *I have attempted to find similarity situated cases within this circuit, but was unsuccessful.*

-*Please See, e.g., 3M Co. v. Glass*[12]

*(1) "adopts Section V of Arcadis's Motion to Dismiss [DE 77 at 15]"*

GPI adopts "Arcadis' Section V of Arcadis's Motion to Dismiss [DE 77 at 15]" to support their claim of my SAC being an Impermissible Shotgun Pleading. For the purpose of not being redundant I will also adopt and incorporate my response to Arcadis aforementioned section of Arcadis' Motion to Dismiss as if stated fully as a response to GPI plagiarized argument.

*(2) claim "it [is] impossible to discern the factual allegations intended to relate to" GPI*

GPI argues it is "impossible to discern the factual allegations intended to relate to" GPI, then immediately outlines all the factual allegations intended to relate to GPI. As mentioned above these are dilatory tactics being employed by GPI with this iteration possessing a substantial amount of crass, willful ignorance and/or naivete.

*"The allegations identified as part of the attempted claim against this Defendant (Count II)"*

GPI argues the claims within my SAC against GPI "are confusing at best, and appear to not support any claim against Groundwater Protection", and in support of this argument states; (1) "Plaintiff recites that paragraphs 1-3, 9, 25-36 and 91-105 relate to Count II. [DE 75, ¶ 126]", (2) "Paragraphs 91-105 allege notice in July 2022 to non-parties, followed by a rambling esoteric discussion of ground pollution" GPI has artfully created an argument risen out of *whole-cloth* due to an inability to defend itself against the merits of the complaint.

Paragraphs 25 to 36 outlines a previous remediation event involving the same bad actors (Arcadis, GPI, and EarthTech) causing the same damages, as a result of the same willful misconduct/negligence, and not being willing to redress the injuries/damages they caused.

---

[12] *917 So. 2d 90, 92-94 (Miss. 2005); Harold's Auto Parts, Inc. v. Mangialardi, 889 So. 2d 493, 494-95 (Miss. 2004)*

Paragraph 91-105 (if I may quote GPI) a "esoteric discussion" may be incomprehensible to GPI's legal counsel but not GPI. The language, phrasing, charts, and diagrams are industry standard and provides GPI with sufficient technical notice of the claim against them.

*"If the complaint contains sufficient "factual content" to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the plaintiff has met its burden of stating a claim with "facial plausibility."*

-Iqbal, 556 U.S. at 678

### In-Conclusion of Section III

GPI attempts to argue it lacks sufficient notice of the claim against them and the legal basis for relief, yet GPI also makes clear in their introductory statement they understand this action consists of six (6) Counts with only Count II being against GPI and that Count II is a Strict Liability claim pursuant to Fla. Stat. Chapter 376, and does not dispute GPI's involvement in the alleged monitoring well development instead was meticulous to make zero mention of the "wells" as well as "drilling". Therefore, it is with the utmost respect I request this Honorable Court to **DENY with prejudice** or in the alternative **DENY** GPI Motion to Dismiss on the grounds of being an "Impermissible Shotgun Pleading".

### Grand Conclusion

As a result of the foregoing resolution of arguments, I humbly request this Honorable Court to (**DENY with prejudice,** or *in-the-alternative* **DENY**) all GPI Properties, Inc.' Motion to Dismiss, or in-the-alternative the Motions this Court deems fit.

9:22-cv-81908-RLR

## **CERTIFICATE OF COMPLIANCE WITH RULE 11 (b)**

I, Marc M. Dulcio certify this filing is in accordance with Federal Rule of Civil Procedure Rule 11 (b)[13], and therefore *(1)* not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation *(2)* the claim(s), defense(s), and other legal contention(s) are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, *(3)* the factual contention(s) have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and *(4)* the denials of factual contention(s) are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

By: _____

Marc M. Dulcio • Pro Se Litigant

---

[13] *FRCP Rule 11 (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 5th 2023, I manually filed the foregoing document with the Clerk of Court located in West Palm Beach, FL. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

Marc M. Dulcio

## SERVICE LIST

Daniel C. Johnson (FBN 522880)
Email: djohnson@carltonfields.com
Carlton Fields, P.A.
200 S. Orange Avenue
Suite 1000
Orlando, FL 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099
Counsel for Defendant GPI Properties, Inc. U.S., Inc

CHRISTOPHER J. WHITELOCK
Florida Bar No. 067539
WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for FDEP-Defendants

Bryan Kyle Morley (FBN 21898)
Foley & Mansfield, PLLP
146 2nd St N Suite 105
Saint Petersburg, Florida 33701
Telephone: 727-214-2011
Counsel for Earth Tech Drilling, Inc.

Edward Samuel Polk(FBN 239860)
COLE, SCOTT & KISSANE, P.A
9150 South Dadeland Boulevard,
Suite 1400 P.O. Box 569015
Miami, Florida 33256
Telephone: (305) 350-5338
Counsel for Defendant GPI Properties, Inc